### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| AMBER GARCIA; SIERRA WILSON; TERRY FRANCOIS; and VANIA MCINTYRE, individually and on behalf of all similarly situated individuals, | ) ) ) ) | Case No. 25-cv-3757 |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Hon. |
| MAPLEBEAR, INC. d/b/a INSTACART, a Delaware corporation, | ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendant*. | ) ) ) | |

### CLASS ACTION COMPLAINT

Plaintiffs Amber Garcia, Sierra Wilson, Terry Francois, and Vania McIntyre, individually and on behalf of a class of similarly situated persons, bring this Class Action Complaint against Defendant Maplebear, Inc. d/b/a Instacart ("Defendant" or "Instacart") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiffs allege the following based on their personal knowledge as to their own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

### INTRODUCTION

1.      Defendant is a delivery company. It operates an on-demand delivery service through a mobile phone application and website. Through Defendant's platform, end users are provided the ability to transact with retailers for grocery and non-grocery items and with Instacart's "Shoppers," who pick up and deliver the items on the end user's behalf.

1

2.     In order to work on Defendant's platform as a Shopper, Defendant requires applicants to provide Defendant with scans of their facial geometries so that Defendant can verify their identities.

3.     Despite collecting, possessing, and otherwise using its Shoppers' facial biometric data, Defendant has failed to comply with BIPA's requirements.

4.     Accordingly, Plaintiffs bring this Complaint seeking an order (i) declaring that Defendant's conduct violates BIPA; (ii) requiring that Defendant cease the unlawful conduct described herein; and (iii) awarding Plaintiffs and the Class statutory damages of $1,000 for each negligent violation of BIPA and $5,000 for each violation found to be willful or reckless, plus their attorneys' fees and costs.

**PARTIES**

5.     At all relevant times, Plaintiff Amber Garcia has been a citizen of the State of Illinois.

6.     At all relevant times, Plaintiff Sierra has been a citizen of the State of Illinois.

7.     At all relevant times, Plaintiff Terry Francois has been a citizen of the State of Illinois.

8.     At all relevant times, Plaintiff Vania McIntyre has been a citizen of the State of Illinois.

9.     Defendant Maplebear, Inc. d/b/a Instacart is a Delaware corporation with its principal place of business in San Francisco, California. Defendant conducts business throughout the State of Illinois.

## JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant transacts business in this District, and because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, as Plaintiffs registered with and had their biometric data collected and used by Defendant in this District.

## COMMON FACTUAL ALLEGATIONS

### *The Biometric Information Privacy Act*

12.     Enacted in 2008, the Biometric Information Privacy Act regulates two types of biometric data. First, BIPA regulates any "biometric identifier," which means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," and specifically excludes a lengthy list of other identifiers. 740 ILCS 14/10. Second, it regulates "biometric information," which "means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information "does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.*

13.     BIPA regulates the entire lifecycle of biometric data, from initial collection to use and disclosure.

14.     As to collection, BIPA provides that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier

3

or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b).

15.     BIPA likewise regulates the disclosure of biometric data, providing that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or biometric information or the subject's legally authorized representative; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

16.     To remedy the serious but difficult-to-quantify harms that accompany invasions of biometric privacy rights, BIPA creates a private right of action authorizing "[a]ny person aggrieved by a violation of" the statute to sue and recover for each violation liquidated damages of $1,000, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief. 740 ILCS 14/20.

*Defendant's Disregard for Shoppers' Privacy*

17.     Before they can work for Instacart, the company requires prospective Shoppers to verify their identity by scanning their government photo ID and uploading a separate "selfie" photograph using the Shopper application:



18.     Using automated facial recognition technology, Defendant extracts the biometric facial geometry of the face appearing in the prospective Shopper's "selfie" and compares it to the facial geometry extracted from the face appearing on the Shopper's ID. If the facial geometries match, the ID and the Shopper's identity may be verified:



19.     In addition, and after they successfully register, Shoppers are required by Defendant to periodically upload additional selfies when signing in to the Shopper app. Defendant uses automated facial recognition technology to compare these selfies to existing facial photographs in the Shopper's profile in order to verify the individual signing in is in fact the account holder.

20.      Through its use of automated facial recognition software to verify Shoppers' identities, Defendant collects and possesses Shoppers' biometric facial geometries, or information derived directly thereform. Further, Defendant discloses or otherwise disseminates the same data to its third-party software vendors, such as Mitek Systems or Persona Identities.

21.     Despite collecting Shoppers' biometric identifiers or biometric information, Defendant has failed to first inform Shoppers in writing that their biometric identifiers or biometric information would be collected or stored, failed to first inform Shoppers in writing of the specific purpose and the length of term for which the biometric identifiers or biometric information would be collected, stored and used, and failed to first receive a written release executed by Shoppers, all in violation of 740 ILCS 14/15(b).

22.     Despite disclosing or otherwise disseminating Shoppers' biometric identifiers or biometric information to its third-party vendors, Defendant failed to obtain Shoppers' informed consent to do so, in violation of 740 ILCS 14/15(d).

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFFS

23.     While in Illinois, Plaintiff Amber Garcia registered with Defendant's Instacart Shopper platform. In order to do so, Defendant required Plaintiff Garcia to upload a picture of her government ID as well as a "selfie" photograph. Defendant then used automated facial recognition technology to extract and compare Plaintiff Garcia's facial geometries from her government ID and the selfie photograph.

24.     In addition, after Plaintiff Garcia successfully registered, Plaintiff Garcia was required to submit additional selfie photographs to Defendant when attempting to access the Shopper platform. Defendant used automated facial recognition technology to extract Plaintiff Garcia's facial geometries from these photographs in order to verify her identity.

25.     Defendant thus collected and possessed Plaintiff Garcia's biometric identifiers in the form her facial geometry, or information derived directly therefrom, *i.e.* biometric information, and used such data to identify her.

26.     Despite collecting Plaintiff Garcia's biometric identifiers or information derived directly therefrom, *i.e.* biometric information, Defendant failed to first inform Plaintiff Garcia in writing that her biometric identifiers or biometric information would be collected or stored, failed to first inform Plaintiff Garcia in writing of the specific purpose and the length of term for which the biometric identifiers or biometric information would be collected, stored and used, and failed to first receive a written release from Plaintiff Garcia.

27.     Further, Defendant disclosed Plaintiff Garcia's biometric identifiers or biometric information to at least one of its third-party vendors without her informed consent.

28.     While in Illinois, Plaintiff Sierra Wilson registered with Defendant's Instacart Shopper platform. In order to do so, Defendant required Plaintiff Wilson to upload a picture of her government ID as well as a "selfie" photograph. Defendant then used automated facial recognition technology to extract and compare Plaintiff Garcia's facial geometries from her government ID and the selfie photograph.

29.     In addition, after Plaintiff Wilson successfully registered, Plaintiff Wilson was required to submit additional selfie photographs to Defendant when attempting to access the Shopper platform. Defendant used automated facial recognition technology to extract Plaintiff Wilson's facial geometries from these photographs in order to verify her identity.

30.     Defendant thus collected and possessed Plaintiff Wilson's biometric identifiers in the form her facial geometry, or information derived directly therefrom, *i.e.* biometric information, and used such data to identify her.

31.     Despite collecting Plaintiff Wilson's biometric identifiers or information derived directly therefrom, *i.e.* biometric information, Defendant failed to first inform Plaintiff Wilson in writing that her biometric identifiers or biometric information would be collected or stored, failed to first inform Plaintiff Wilson in writing of the specific purpose and the length of term for which the biometric identifiers or biometric information would be collected, stored and used, and failed to first receive a written release from Plaintiff Wilson.

32.     Further, Defendant disclosed Plaintiff Wilson's biometric identifiers or biometric information to at least one of its third-party vendors without her informed consent.

33.     While in Illinois, Plaintiff Terry Francois registered with Defendant's Instacart Shopper platform. In order to do so, Defendant required Plaintiff Francois to upload a picture of his government ID as well as a "selfie" photograph. Defendant then used automated facial recognition technology to extract and compare Plaintiff Francois's facial geometries from his government ID and the selfie photograph.

34.     In addition, after Plaintiff Francois successfully registered, Plaintiff Francois was required to submit additional selfie photographs to Defendant when attempting to access the Shopper platform. Defendant used automated facial recognition technology to extract Plaintiff Francois's facial geometries from these photographs in order to verify his identity.

35.     Defendant thus collected and possessed Plaintiff Francois's biometric identifiers in the form his facial geometry, or information derived directly therefrom, *i.e.* biometric information, and used such data to identify him.

36.     Despite collecting Plaintiff Francois's biometric identifiers or information derived directly therefrom, *i.e.* biometric information, Defendant failed to first inform Plaintiff Francois in writing that his biometric identifiers or biometric information would be collected or stored, failed to first inform Plaintiff Francois in writing of the specific purpose and the length of term for which the biometric identifiers or biometric information would be collected, stored and used, and failed to first receive a written release from Plaintiff Francois.

37.     Further, Defendant disclosed Plaintiff Francois's biometric identifiers or biometric information to at least one of its third-party vendors without his informed consent.

38.     While in Illinois, Plaintiff Vania McIntyre registered with Defendant's Instacart Shopper platform. In order to do so, Defendant required Plaintiff McIntyre to upload a picture of her government ID as well as a "selfie" photograph. Defendant then used automated facial

recognition technology to extract and compare Plaintiff McIntyre's facial geometries from her government ID and the selfie photograph.

39.     In addition, after Plaintiff McIntyre successfully registered, Plaintiff McIntyre was required to submit additional selfie photographs to Defendant when attempting to access the Shopper platform. Defendant used automated facial recognition technology to extract Plaintiff McIntyre's facial geometries from these photographs in order to verify her identity.

40.     Defendant thus collected and possessed Plaintiff McIntyre's biometric identifiers in the form her facial geometry, or information derived directly therefrom, *i.e.* biometric information, and used such data to identify her.

41.     Despite collecting Plaintiff McIntyre's biometric identifiers or information derived directly therefrom, *i.e.* biometric information, Defendant failed to first inform Plaintiff McIntyre in writing that her biometric identifiers or biometric information would be collected or stored, failed to first inform Plaintiff McIntyre in writing of the specific purpose and the length of term for which the biometric identifiers or biometric information would be collected, stored and used, and failed to first receive a written release from Plaintiff McIntyre.

42.     Further, Defendant disclosed Plaintiff McIntyre's biometric identifiers or biometric information to at least one of its third-party vendors without her informed consent.

43.     Plaintiffs have been continuously and repeatedly exposed to the harms and risks created by Defendant's violations of BIPA.

## CLASS ALLEGATIONS

44.     Plaintiffs bring this action individually and on behalf of the following class ("the Class") pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure:

All individuals who, while in Illinois, had their biometric identifiers or biometric information collected and/or disseminated by Defendant at any time within the applicable limitations period.

45.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

46.     There are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

47.     Plaintiffs' claims are typical of the claims of the Class they seek to represent, because the bases of Defendant's liability to Plaintiffs and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class.

48.     There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

   a.   Whether Defendant collected or captured the Class members' biometric identifiers or biometric information;

   b.   Whether Defendant informed the Class members in writing that it would collect their biometric identifiers or biometric information before doing so;

   c.   Whether Defendant informed the Class members in writing of the purpose for which it would collect their biometric identifiers or biometric information;

   d.   Whether Defendant informed the Class members in writing of the specific length of term for which their biometric identifiers and/or biometric information were

being collected and captured;

e.  Whether Defendant obtained a written release to collect or capture the Class members' biometric identifiers or biometric information;

f.  Whether Defendant disclosed or disseminated the Class members' biometric identifiers or biometric information to any third party;

g.  Whether Defendant's BIPA violations are willful or reckless; and

h.  Whether the Class members are entitled to damages and injunctive relief.

49.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

50.  Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

51.  Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)**
**(On Behalf of Plaintiffs and the Class)**

52.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

53.     Defendant is a private entity under BIPA.

54.     Section 15(b) of BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

55.     As discussed herein, Defendant collected, captured, or otherwise obtained Plaintiffs' and the Class members' biometric identifiers and/or biometric information, in the form of their facial geometries or information derived therefrom, in order to verify their identities during their registration with the Instacart Shopper platform and subsequently when Plaintiffs and Class members accessed the Shopper platform.

56.     Despite collecting, capturing, or otherwise obtaining Plaintiffs' and the Class members' biometric identifiers and/or biometric information, Defendant failed to comply with the following requirements of Section 15(b):

a.  Defendant failed to first inform Plaintiffs and the Class members in writing that their biometric identifiers and/or biometric information were being collected or captured, prior to such collection or capture, as required by 740 ILCS 14/15(b)(1);

b.  Defendant failed to first inform Plaintiffs and the Class members in writing of the specific purpose for which their biometric identifiers and/or biometric information were being collected, captured, and used, as required by 740 ILCS 14/15(b)(2);

c.  Defendant failed to first inform Plaintiffs and the Class members in writing of the specific length of term for which their biometric identifiers and/or biometric information were being collected, captured, and used, as required by 740 ILCS 14/15(b)(2); and

d.  Defendant failed to first obtain a written release from Plaintiffs and the Class members, as required by 740 ILCS 14/15(b)(3).

57.  BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

58.  Defendant's violations of Section 15(b) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA.

a.  Accordingly, Plaintiffs pray for the relief set forth below.

## COUNT II
### Violations of 740 ILCS 14/15(d)
### (On behalf of Plaintiffs and the Class)

59.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

60.  Defendant is a private entity under BIPA.

14

61.     Section 15(d) of BIPA prohibits private entities in possession of an individual's biometric identifiers or biometric information from disclosing, redisclosing, or otherwise disseminating the same without that individual's informed consent. 740 ILCS 14/15(d).

62.     As discussed herein, Defendant came into the possession of Plaintiffs' and the Class members' biometric identifiers and/or biometric information, in the form of their facial geometries or information derived therefrom, in order to verify their identities during their registration with the Instacart Shopper platform and subsequently when Plaintiffs and Class members accessed the Shopper platform.

63.     Defendant further disclosed or otherwise disseminated Plaintiffs' and the Class members' biometric identifiers and/or biometric information to its third-party technology vendors, such as Mitek Systems and/or Persona Identities.

64.     Defendant failed to obtain Plaintiffs' and the Class members' informed consent for such disclosures, in violation of Section 15(d) of BIPA.

65.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

66.     Defendant's violations of Section 15(d) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA.

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

a.     Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

b.      Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.      Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

d.      Awarding statutory damages of $5,000 for each willful and/or reckless violation of 740 ILCS 14/15(d), pursuant to 740 ILCS 14/20(2);

e.      Awarding statutory damages of $1,000 for each negligent violation of 740 ILCS 14/15(d), pursuant to 740 ILCS 14/20(1);

f.      Awarding reasonably attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.      Awarding pre- and post-judgment interest, as allowable by law; and

67.      Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: April 8, 2025

Respectfully submitted,

AMBER GARCIA; SIERRA WILSON; TERRY FRANCOIS; and VANIA MCINTYRE, individually and on behalf of all similarly situated individuals

By:    /s/ Thomas R. Kayes
      *One of Plaintiffs' Attorneys*

Thomas R. Kayes
LOEVY + LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
Tel: (312) 243-5900
kayes@loevy.com

Timothy P. Kingsbury
KINGSBURY LAW LLC
8 S. Michigan Ave., Ste. 2600

Chicago, IL 60603
Tel: (312) 291-1960
tim@kingsburylawllc.com

*Attorneys for Plaintiffs and the proposed Class*